UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPFON JONES,<br><br>    Petitioner,<br><br>    v.<br><br>B. CATES, Warden,<br><br>    Respondent. | No. 1:22-cv-00839-HBK (HC)<br><br>ORDER GRANTING LEAVE TO FILE A FIRST AMENDED PETITION<br><br>THIRTY DAY DEADLINE |

On June 27, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). A preliminary screening of the petition reveals that it fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. Therefore, the Court will afford Petitioner an opportunity to file an amended petition before recommending dismissal of this action.

## DISCUSSION

**A. Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

To the extent discernable, the Petition asserts error by the trial judge in using certain jury instructions, which resulted in violation of Petitioner's due process rights under the Fifth, Sixth, and Fourteenth Amendments.  (*See* Doc. No. 1 at 5-8).  However, Petitioner fails to state with specificity which jury instruction is at issue, and how it violated his due process rights.  Because Petitioner fails to specify his ground(s) for relief and facts supporting his ground(s) as required under Rule 2(c), the Petition fails to state a cognizable federal habeas claim and is subject to dismissal.  Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies if he is able.  Petitioner is advised that he should caption his pleading, "First Amended Petition," and he should use the instant case number.  Failure to comply with this order will result in dismissal of the action.

////

Accordingly, **IT IS ORDERED**:

1. Within **thirty days (30)** from the date of service of this Order, Petitioner shall file a First Amended Petition.
2. If Petitioner fails to timely file a First Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth above and/or for Petitioner's failure to prosecute this action.

Dated:  September 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE