UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPFON JONES,<br><br>  Petitioner,<br><br>  v.<br><br>B. CATES, Warden,<br><br>  Respondent. | No.  1:22-cv-00839-HBK (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION<br><br>ORDER GRANTING LEAVE TO FILE A SECOND AMENDED PETITION<br><br>THIRTY DAY DEADLINE |

On June 27, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1).  Following a preliminary screening of the petition, the Court determined that it failed to present any cognizable grounds for relief, and Petitioner was directed to file a First Amended Petition. (Doc. No. 8).  Petitioner filed a handwritten First Amended Petition on September 30, 2022, which is presently before the Court. (Doc. No. 9).  A preliminary screening of the petition reveals that the First Amended Petition again fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases.  Therefore, the Court will dismiss the First Amended Petition and direct Petitioner to file a Second Amended Petition.

**DISCUSSION**

**A. Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Initially, the Court notes the First Amended Petition is handwritten and is not on the approved form. Therefore, it lacks critical information. Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition "substantially follow either the form appended to [the] rules or a form prescribed by a local district-court rule." To the extent discernable, the First Amended Petition asserts that the trial court "erred when the [Judge-instructed-the-jury] with Calcrim #200 jury instructions entitled [duties-of-Judge-[and]-jury]" which resulted in violation of Petitioner's due process rights under the Fifth, Sixth, and

1  Fourteenth Amendments. (Doc. No. 9 at 2). The First Amended Petition further asserts that the
2  use of the jury instruction generally "lessened the prosecution's ministerial obligation to prove
3  beyond a reasonable doubt every element of the offense charged." (*Id*. at 2-3).

4  However, a petition for writ of habeas corpus must specify the grounds for relief as well
5  as the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28
6  U.S.C. § 2254. Petitioner must make specific factual allegations which, if true, would entitle him
7  to habeas corpus relief. *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989). Each
8  ground for relief must be clearly stated and allege what federal constitutional violation has
9  occurred, along with providing facts that support the grounds for relief. Petitioner fails to state
10 with specificity how that particular jury instruction violated his due process rights in his case.
11 Because Petitioner fails to specify the facts supporting his ground(s) as required under Rule 2(c),
12 the First Amended Petition fails to state a cognizable federal habeas claim and must be dismissed.

13 Additionally, because Petitioner has not clearly set forth his grounds for relief, and the
14 facts supporting those claims, the Court cannot determine whether the claims have been properly
15 exhausted in the state courts. Without this information, the Court cannot proceed to the merits of
16 the petition. The information must include the dates of filing and disposition of claims filed in
17 state court so the Court can determine whether Petitioner has exhausted his state remedies and
18 complied with the limitations prescribed by 28 U.S.C. § 2244(d)(1).

19 Petitioner will be granted a **final** opportunity to file a Second Amended Petition curing
20 these deficiencies. Should Petitioner file a Second Amended Petition, he is also advised that it
21 will supersede the first amended petition and become the operative pleading. *See Lacey v.*
22 *Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). The Second Amended
23 Petition must be free-standing, *i.e.* it must be <u>complete</u> without reference to the prior petition or
24 any superseded pleading, and must include <u>all</u> grounds for relief and supporting facts. *See*
25 *also* Local Rule 220. The Court does not accept piecemeal pleadings.

26 The Court will also direct the Clerk of Court to provide Petitioner with a blank form
27 petition. Petitioner should use the enclosed form and title the pleading "Second Amended
28 Petition." Petitioner is forewarned that his failure to comply with this order will result in a

recommendation that the petition be dismissed pursuant to Local Rule 110.

Accordingly, **IT IS ORDERED**:

1. The First Amended Petition (Doc. No. 9) is DISMISSED without prejudice;
2. Within **thirty days (30)** from the date of service of this Order, Petitioner shall file a Second Amended Petition that complies with this order.
3. The Clerk of Court shall provide Petitioner with a habeas corpus § 2254 form with this Order for Petitioner's use in preparing his Second Amended Petition
4. If Petitioner fails to timely file a Second Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth above and/or for Petitioner's failure to prosecute this action.

Dated:   October 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE