UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPFON JONES,<br><br>            Petitioner,<br><br>     v.<br><br>B. CATES, Warden,<br><br>            Respondent. | Case No.   1:22-cv-00839-JLT-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AND DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

## I.    STATUS

Petitioner Stepfon Jones ("Petitioner" or "Jones"), a state prisoner, is proceeding pro se on his second amended petition for writ of habeas corpus filed under 28 U. S.C. § 2254 on November 14, 2022.  (Doc. No. 11, "Petition" or "Second Amended Petition").  Petitioner challenges his judgment of conviction after a jury trial for (1) second degree murder in violation of Penal Code § 187; (2) assault on a child under eight resulting in death in violation of Penal Code § 273ab(a); and (3) child endangerment in violation of Penal Code § 273a(a).  (Case No. BF159975A).  (Doc. No. 19-1 at 1034-37; Doc. No. 19-2 at 2587).[2]  The Second Amended

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] All citations to the pleadings and record are to the page number as it appears on the Case Management and Electronic Case Filing ("CM/ECF") system.

1

Petition presents two (restated) grounds for relief:

    (1) The use of CalCrim 200 violated clearly established federal law based on the Ninth Circuit case *Ho v. Carey*, 332 F.3d 547 (9th Cir. 2003); and

    (2) The use of CalCrim 200 eased the prosecutor's burden to prove every element of an offense beyond a reasonable doubt.

(*See generally* Doc. No. 11 at 5-7). On January 11, 2023, Respondent filed an Answer to the Petition (Doc. No. 20) and lodged the state court record in support (Doc. No. 19, 19-1 through 19-3). Respondent argues both grounds raised in the Second Amended Petition are procedurally barred. (Doc. No. 20 at 8). Petitioner did not file a reply and the time to do so has expired. This matter is deemed submitted on the record before the Court. After careful review of the record and applicable law, the undersigned finds both grounds are procedurally defaulted and recommends the district court dismiss the Second Amended Petition and decline to issue a certificate of appealability.

## II. PROCEDURAL HISTORY

After conviction, the Fifth Appellate District Court affirmed Jones's judgment on direct appeal. (Case No. F075895). (Doc. No. 19-2 at 2587-88). On December 30, 2020, the California Supreme Court summarily denied Jones's petition for review. (Case No. S265269). (Doc. No. 19-3 at 82).

On November 29, 2021, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. (Case No. S272052). (Doc. No. 19-3 at 375, "State Petition"). Petitioner asserted that (1) the trial court erred in giving California Criminal Instruction 200 ("CalCrim 200") and (2) this instruction lowered the burden of proof required to support a conviction. (*Id.* at 380-83). On April 13, 2022, the California Supreme Court denied the State Petition citing to *In re Robbins*, 18 Cal.4th 770, 780 (1998), and *In re Dixon*, 41 Cal.2d 756, 759 (1953). (Doc. No. 19-3 at 395).

## III. GOVERNING LEGAL PRINCIPLES

### A. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider

2

whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Petitioner did not request an evidentiary hearing. This Court independently finds that the pertinent facts of this case are fully developed in the record before the Court; thus, no evidentiary hearing is required. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

### B. Procedural Default

A federal court's statutory authority to issue habeas corpus relief for persons in state custody is set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA requires a state prisoner seeking federal habeas relief to first "exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A federal habeas claim is technically exhausted but procedurally defaulted if the state court declined to address the claim based on independent and adequate state procedural grounds." *Rodney v. Garrett*, 116 F.4th 947, 954 (9th Cir. 2024) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991)). For a claim to be procedurally defaulted, the state procedural rule relied on must be "a nonfederal ground adequate to support the judgment" and be "firmly established and consistently followed." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Federal courts are generally prohibited from reviewing procedurally defaulted claims. *Coleman*, 501 U.S. at 729-30.

"A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 528 (2017). To establish "cause," the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner." *Id.* (internal citation omitted). "[T]o establish prejudice, the prisoner must show not merely a substantial federal claim, such that the errors at trial created a *possibility* of prejudice, but rather that the

constitutional violation worked to his *actual* and substantial disadvantage." *Shinn v. Ramirez*, 596 U.S. 366, 379-80 (2022) (internal quotation marks and alterations omitted).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal sufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### IV.    ANALYSIS

Respondent argues Petitioner's two grounds are procedurally defaulted because while he presented the claims in the State Petition, the California Supreme Court found that his claims were untimely and could have been raised on direct appeal. (Doc. No. 20 at 8). Respondent further argues Petitioner has failed to make the requisite showing of cause and prejudice to overcome the procedural default. (*Id.* at 9). Alternatively, Respondent argues the Second Amended Petition fails on the merits. (*Id.* at 10-11).

As noted above, the California Supreme Court cited *In re Dixon* and *In re Robbins* when it denied the State Petition. (Doc. No. 19-3 at 395). "Under the so-called '*Dixon* bar,' a defendant procedurally defaults a claim raised for the first time on state collateral review if he could have raised it earlier on direct appeal." *Johnson v. Lee*, 578 U.S. 605, 606 (2016). *Robbins* provides that "[a] prisoner must seek habeas relief without 'substantial delay,' as 'measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim.'" *Walker v. Martin*, 562 U.S. 307, 312 (2011) (internal citations omitted). Thus, "[a] summary denial citing … *Robbins* means that the petition is rejected as untimely." *Id.* at 313. Both *Dixon* and *Robbins* are both firmly established and regularly followed such that they are adequate procedural grounds to bar habeas relief. *See*

4

*Johnson*, 578 U.S. at 609 ("The Court therefore holds that [*Dixon*] qualifies as adequate to bar federal habeas review."); *see also Walker*, 562 U.S. at 321 (finding "no inadequacy in California's timelines rule generally").

Because the California Supreme Court rejected Petitioner's claims on independent and adequate state procedural grounds, the undersigned agrees with Respondent that Petitioner's grounds are procedurally defaulted. By failing to file a response to Respondent's arguments, Petitioner has neither made a showing of cause and prejudice nor a showing of a fundamental miscarriage of justice to overcome the procedural default. Further, no reason to excuse the default is apparent on the face of the record. Accordingly, the undersigned finds Petitioner's grounds are procedurally defaulted, and no reason exists to excuse such default. The undersigned declines to address the merits of Petitioner's two grounds for relief and recommends the Second Amended Petition be dismissed.

**V. CERTIFICATE OF APPEALABIILTY**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Where, as here, the claim is rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason

would not find it debatable whether the procedural ruling is correct, the undersigned recommends that the court decline to issue a certificate of appealability.

Accordingly, it is **RECOMMENDED**:

1. Petitioner's Second Amended Petition for Writ of Habeas Corpus (Doc. No. 11) be dismissed with prejudice; and

2. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     December 30, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE