# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPFON JONES,<br><br>    Petitioner,<br><br>v.<br><br>B. CATES, Warden,<br><br>    Respondent. | Case No. 1:22-cv-0839 JLT HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO CLOSE THE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Stepfon Jones is a state prisoner proceeding *pro se* on his Second Amended Petition for Writ of Habeas Corpus filed under 28 U. S.C. § 2254, asserting errors related to the use of the model jury instruction CalCrim 200. (*See generally* Doc. 11.) Respondent asserted the petition fails on its merits and requested the Court deny the petition. (Doc. 20.)

The magistrate judge observed that "the California Supreme Court denied the State Petition citing to *In re Robbin*s, 18 Cal.4th 770, 780 (1998), and *In re Dixon*, 41 Cal.2d 756, 759 (1953)." (Doc. 21 at 2, citing Doc. 19-3 at 395.) The magistrate judge noted:

> "Under the so-called '*Dixon* bar,' a defendant procedurally defaults a claim raised for the first time on state collateral review if he could have raised it earlier on direct appeal." *Johnson v. Lee*, 578 U.S. 605, 606 (2016). *Robbins* provides that "[a] prisoner must seek habeas relief without 'substantial delay,' as 'measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim.'" *Walker v. Martin*, 562 U.S. 307, 312 (2011) (internal citations omitted). Thus, "[a] summary denial citing … *Robbins* means that the petition is rejected as untimely." *Id.* at 313.

(Doc. 21 at 4.) Because the state court rejected Petitioner's claims as barred by *Robbins* and *Dixon*—which are independent and adequate state procedural grounds—the magistrate judge found "Petitioner's claims are procedurally defaulted." (*Id.* at 5.) The magistrate judge also determined Petitioner did not identify any reason to excuse the default. (*Id.*) Therefore, the magistrate judge recommended the Court dismiss the petition with prejudice and deny a certificate of appealability. (*Id.* at 5, 6.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 14 days. (Doc. 21 at 6.) The Court advised him that the "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings related to the procedural bars of the petition are supported by the record and proper analysis. In addition, the Court adopts the recommendation that a certificate of appealability not issue.

A state prisoner seeking a writ of habeas corpus does not have an absolute entitlement to appeal a district court's ruling, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If the Court denies a petitioner's petition, the Court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the present case, Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 30, 2024 (Doc. 21) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 11) is **DISMISSED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **January 25, 2025**

UNITED STATES DISTRICT JUDGE

3